UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOEHRINGER INGELHEIM PHARM., INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALVOGEN, INC.,<br><br>Defendant. | Civil Action No.<br><br>23-cv-03911 (KM) (JRA)<br><br>**PRETRIAL SCHEDULING ORDER** |

**THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on November 3, 2023, and for good cause shown:

**IT IS on this 15th day of November 2023,**

**ORDERED THAT:**

### I. DISCLOSURES

1. Fed. R. Civ. P. 26 disclosures are to be exchanged no later than **November 10, 2023**.

2. Plaintiffs shall serve their Disclosure of Asserted Claims pursuant to L. Pat. R. 3.6(b) on or before **November 10, 2023**.

### II. E-DISCOVERY CONFERENCE

3. E-Discovery conference pursuant to L.Civ.R. 26.1(d) shall take place on or before **November 17, 2023**.

## III.  DISCOVERY

4. Fact discovery is to remain open through **October 11, 2024**.  No fact discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

5. Defendants shall serve their Invalidity Contentions and produce underlying documents, pursuant to L. Pat. R. 3.6(c) and 3.6(d), on or before **December 18, 2023**.

6. Defendants shall serve their Non-Infringement Contentions and produce underlying documents, pursuant to L. Pat. R. 3.6(e) and 3.6(f), on or before **December 18, 2023**.

7. Plaintiffs shall serve their Infringement Contentions and produce underlying documents, pursuant to L. Pat R. 3.6(g) and 3.6(h), on or before **February 15, 2024**.

8. Plaintiffs shall serve their Responses to Defendants' Invalidity Contentions pursuant to L. Pat R. 3.6(i) on or before **February 15, 2024**.

9. The parties shall exchange proposed claim terms for construction pursuant to L. Pat. R. 4.1(a) on or before **February 22, 2024**.

10. The parties shall exchange preliminary proposed constructions and identification of extrinsic evidence pursuant to L. Pat. R. 4.2(a) – (b) on or before **February 29, 2024**.

11. The parties shall exchange identifications of all intrinsic and extrinsic evidence they intend to rely upon in opposing any proposed claim construction, pursuant to L. Pat. R. 4.2(c), on or before **March 14, 2024**.  The parties shall thereafter meet and confer to narrow the issues in dispute.

12. The parties shall file a Joint Claim Construction and Prehearing Statement pursuant to L. Pat. R. 4.3 (a) – (e) on or before **March 21, 2024**.

13. The parties shall complete fact discovery relating to claim construction pursuant to L. Pat. R. 4.4 on or before **March 28, 2024**.

14. The parties shall file and serve their opening *Markman* submissions pursuant to L. Pat. R. 4.5 (a) on or before **April 4, 2024**.

15. The parties shall complete expert discovery pertaining to *Markman* issues on or before **April 25, 2024**.

16. The parties shall file and serve their responding *Markman* submissions on or before **May 17, 2024**.

17. On or before **May 22, 2024**, the parties shall submit to the Court a proposed schedule for a *Markman* hearing.

18. Substantial completion of document production shall be made by **August 12, 2024**.

19. The parties, if relying upon the advice of counsel as part of a patent-related claim(s) or defense(s) for any reason, shall produce discovery related to those claim(s) or defense(s) for which the attorney-client privilege and work-product protection have been waived and serve a privilege log pursuant to L. Pat. R. 3.8 on or before **September 11, 2024**.

20. Counsel shall confer in a good faith attempt to informally resolve any and all discovery or case management disputes **before** seeking the Court's intervention. See L. Civ. R. 37.1(a)(1); see also L. Civ. R. 16.1(f)(1). Should such efforts fail to resolve the dispute, the parties must raise the discovery dispute through a joint letter and shall do so in a manner consistent with the Court's Case Management Order, available at https://www.njd.uscourts.gov/sites/njd/files/JRAPreferences.pdf.

Failure by any party to meet and confer in good faith or participate in the joint letter protocol will result in the Court deeming that party to have waived its right to take any position on the discovery issue(s) in dispute.

### IV.  DISCOVERY CONFIDENTIALITY ORDERS

21. The parties shall file a proposed Discovery Confidentiality Order no later than **November 17, 2023**. Any proposed Discovery Confidentiality Order agreed to by the parties must strictly comply with Fed. R. Civ. P. 26(c) and L. Civ. R. 5.3. See also Glenmede Trust Co. v. Thompson, 56 F.3d 476 (3d Cir. 1995); Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994). The parties are advised that a sample form of Discovery Confidentiality Order is contained in Appendix S to the Local Civil Rules.

### V.  FUTURE CONFERENCES

22. There shall be a telephonic status conference before the undersigned on **March 5, 2024, at 2:30 p.m.** In advance of the conference, but no later than **February 27, 2024**, the parties shall file a joint status letter setting forth the status of completing discovery and any other issue that the Court needs to consider during

the telephonic status conference.  The dial-in information for the conference is (888) 684-8852, access code 1364268#.

23. The Court may from time to time schedule further conferences as may be required, either *sua sponte* or at the request of a party.

24. Counsel should be prepared to discuss settlement at every conference with the Court.  The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority must attend unless excused by the Court.  In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference. Confidential settlement letters shall be sent to **JRA_orders@njd.uscourts.gov** at least three business days prior to the conference.

25. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

26. A copy of every pleading, document, or written communication with the Court shall be served on all other parties to the action or may be disregarded by the Court.

## VI.  MOTIONS

27. **No motions are to be filed without prior written permission from this Court, excepting motions in lieu of Answer under Fed. R. Civ. P. 12.** These prerequisites must be met before any motions are filed and the motions will be returned if not met.  All calendar or dispositive motions, if permitted, shall comply with L. Civ. R. 7.1(b) and other applicable local and federal rules.

28. Any request for leave to file a motion to add new parties must be filed by not later than **September 11, 2024**.

29. Any request for leave to amend pleadings, whether by amended or third-party complaint, must be filed not later than **September 11, 2024**.  Before seeking Court leave to file a motion to amend a pleading, a party shall circulate the proposed amended pleading among all parties in an effort to obtain consent to the amendment.  Any request for leave of the Court to file a motion to amend shall contain a redlined version of the proposed amended pleading as an exhibit.

30. Opening dispositive and Daubert Motions must be filed by not later than **February 28, 2025**.

31. Oppositions to dispositive and Daubert Motions must be filed by not later than **March 21, 2025**.

32. Replies to dispositive and Daubert Motions must be filed by not later than **April 4, 2025**.

## VII.  EXPERTS

33. All affirmative expert reports shall be delivered by **November 8, 2024**. Any such report shall comport with the form and content requirements of Fed. R. Civ. P. 26(a)(2)(B).

34. All responding expert reports shall be delivered by **December 20, 2024**. Any such report shall comport with the form and content requirements referenced above.

35. All reply expert reports shall be delivered by **January 17, 2025**.

36. No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his report.

37. Expert discovery, including the depositions of any expert witnesses, shall be completed on or before **February 12, 2025**.

## VIII.  FINAL PRETRIAL CONFERENCE

38. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(e) on **May 5, 2025, at 10:00 a.m.**  The parties are advised that the Court intends to engage in settlement discussions during the conference.  Accordingly, the senior attorney in charge of the case and client(s) with full settlement authority must attend.

39. All counsel are directed to assemble at the office of Plaintiff's counsel not later than ten (10) days before the final pretrial conference to prepare the Final Pretrial Order in compliance with the form and content requirements of the Court. Plaintiff's counsel shall prepare the Final Pretrial Order and shall submit it to all other counsel for approval before submitting it to the Court.

40. The original of the Final Pretrial Order shall be delivered to Chambers in hard copy not later than **April 14, 2025**.  All counsel are responsible for the timely submission of the Final Pretrial Order.

41. **FAILURE TO FOLLOW THIS ORDER MAY RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**

                                                      **JOSÉ R. ALMONTE**
                                                      **UNITED STATES MAGISTRATE JUDGE**

Original:   Clerk of the Court
      cc:   Hon. Kevin McNulty, U.S.D.J.
              All Parties